UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YVONNE PERKINS and | : |
| MOORE BAIL BONDS, LLC, | : |
|     Plaintiffs, | : |
| | : |
| v. | :     3:18-cv-01081-WWE |
| | : |
| RACHEL HALAS, ROGER BROOKS, | : |
| MELISSA MORRILL, | : |
| JIM ANTONELLI, JOE LEROSE, and | : |
| TONY MAHER, | : |
|     Defendants. | : |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

This is an action by a bail bonds business and its sole owner against police officers of the Danbury, Connecticut, Police Department. Among other claims, plaintiffs allege in Count Four that the individual officers subjected plaintiffs to materially disparate treatment in comparison to their business competitors, in violation of the Equal Protection Clause of the Fourteenth Amendment.

Defendants have moved to dismiss plaintiffs' equal protection claim. For the following reasons, defendants' motion will be granted, but plaintiffs shall be permitted to amend their complaint to rectify its deficiencies.

## DISCUSSION

Defendants contend that because plaintiffs do not allege discrimination on the basis of a protected class, for the equal protection claim to survive, plaintiffs must allege facts sufficient to establish discrimination against them as a "class-of-one." Indeed, "to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ

1

from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59-60 (2d Cir. 2010). Defendants argue that although plaintiffs mention business competition generally, they fail to identify any similarly situated comparators.

Pursuant to Ruston, to survive a motion to dismiss, "class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Ruston, 610 F.3d at 59. Plaintiffs brief in opposition responds that "plaintiffs have specifically alleged that they were treated differently from other licensed bail bondsmen in Danbury with whom they were in direct competition." Nevertheless, the Court is unable to locate such allegation anywhere in the complaint. Moreover, plaintiffs do not identify any such comparators or allege how those entities are similarly situated. See id. Accordingly, defendants' motion to dismiss Count Four will be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Count Four is GRANTED. However, plaintiffs shall have until May 22, 2019, to amend their complaint to add allegations of sufficiently similar comparators.

Dated this 8th day of May, 2019, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE